UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH SMITH,

                Petitioner,                FILE NO. 2:08-CV-117

v.                                              HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #3). The matter presently is before the Court on Petitioner's objections to the R&R (docket #4). For the reasons that follow, Petitioner's objections are granted in part, and the R&R is accepted in part and rejected in part, as set forth in this Opinion.

### I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

## II.

The Magistrate Judge recommended that the petition be dismissed as time-barred.  Petitioner has filed specific objections to the Magistrate Judge's calculations of the limitations period.  Upon review, I conclude that the Magistrate Judge erred in counting the periods for tolling, but that the petition nevertheless is time-barred.

As the Magistrate Judge discussed, a district court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  The one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application and his objections, Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 31, 2001. Petitioner then petitioned for certiorari to the United States Supreme Court. The Supreme Court denied certiorari on May 23, 2005.

Petitioner agrees that, absent tolling, he had one year from the Supreme Court's denial of certiorari, or until May 23, 2006, in which to file his habeas application. As previously

3

discussed, the statute is tolled while a properly filed application for state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). The Magistrate Judge determined, and Petitioner acknowledges, that Petitioner had 124 days remaining in his period of limitations on January 20, 2006, when he filed in the Kalamazoo County Circuit Court a motion for correction and appeal of sentence under MICH. CT. R. 6.429. The Magistrate Judge and Petitioner agree that the filing of the January 20, 2006 motion tolled the statute of limitations. The circuit court construed the January 20, 2006 motion as a motion for reconsideration of Petitioner's April 26, 2000 motion for relief from judgment, which was first denied by the circuit court on May 31, 2000, long before his direct appeal was final and his statute of limitations began to run.[1] The court denied the motion on February 15, 2006, and it denied a second motion for reconsideration on March 16, 2006.

      The Magistrate Judge concluded that Petitioner did not file an application for leave

---

[1] The Court notes that, had the circuit court not construed the motion under MICH. CT. R. 6.429 as a second motion for reconsideration of his April 26, 2000 motion for relief from judgment, the motion would not have been properly filed under MICH. CT. R. 6.429, which is available only while a defendant is entitled to appeal by right or leave. *See* MICH. CT. R. 6.429(A)(4) ("If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500."). Further, because Petitioner previously filed a motion under subchapter 6.500, Petitioner was barred under the rules from filing a second such motion. *See* MICH. CT. R. 6.502(G)(1). As a result, Petitioner benefitted from the circuit court's construction of the January 20, 2006 motion as a second motion for reconsideration of the April 26, 2000 motion for relief from judgment. The circuit court's construction of the motion rendered it "properly filed."

to appeal his April 26, 2006 motion. Petitioner contends, however, that he filed an appeal in the form of a complaint for superintending control on August 4, 2006. A complaint for superintending control under MICH. CT. R. 7.206(D), however, is an "original action," not an application for leave to appeal, which is governed by MICH. CT. R. 7.205. Moreover, Petitioner's complaint for superintending control was dismissed on September 15, 2006 by the chief judge of the court of appeals, acting in accordance with MICH. CT. R. 7.203(F)(1) and 7.216(A)(10), for lack of jurisdiction.[2] The chief judge held that "a complaint for superintending control cannot be used as a means to circumvent the prohibition against filing a successive motion for relief from judgment under MCR 6.502(G)(1)." (9/15/06 Mich. Ct. App. Ord., Ex. B to Objections of Petioner, docket #4-2.) As a result, the complaint for superintending control could not itself toll the statute of limitations because the dismissal for lack of jurisdiction amounted to a determination that the complaint was not "properly filed." *Artuz*, 531 U.S. at 8. For the same reason, Petitioner's motion for reconsideration by a three-judge panel under MICH. CT. R. 7.203(F)(2), which was denied on November 1, 2006, also failed to toll the statute of limitations. Similarly, his motion for leave to appeal the denial to the Michigan Supreme Court was without effect on the statute of limitations. Therefore, the Court rejects Petitioner's assertion that he is entitled to tolling during the entire period from

---

[2] MICH. CT. R. 7.203(F)(1) provides that, "[e]xcept when a motion to dismiss has been filed, the chief judge . . . may, acting alone, dismiss an appeal or original proceeding for lack of jurisdiction." MICH. CT. R. 7.216(A)(10), in turn, gives the court of appeals the general power to "dismiss an appeal or an original proceeding for lack of jurisdiction or failure of the appellant or the plaintiff to pursue the case in conformity with the rules."

January 20, 2006, when he filed his motion in the circuit court, through April 24, 2007, when the Michigan Supreme Court denied his application for leave to appeal from the dismissal of his complaint for superintending control.

However, the Court also concludes that the Magistrate Judge erred in finding that the statute of limitations began to run again on February 15, 2006, when the circuit court denied the January 20, 2006 motion. A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (an application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ."). Although Petitioner did not file an application for leave to appeal, the decision on the January 15, 2006 motion did not become final (and was therefore "pending") until the expiration of the period in which Petitioner could have sought leave to appeal. Under MICH. CT. R. 7.205(F)(3), Petitioner had one year in which to file an application for leave to appeal. As a result, Petitioner's statute of limitations remained tolled until March 16, 2007, one year after the circuit court denied his motion for reconsideration. Having begun to run again on March 16, 2007, Petitioner's statute of limitations expired 124 days later, on Wednesday, July 18, 2007.

According to the representations in Petitioner's objections, Petitioner did not file his

first state habeas corpus application until July 30, 2007, two weeks after his habeas statute of limitations expired. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired on July 18, 2007, his collateral motions filed on July 30, 2007 and April 8, 2008 do not serve to revive the limitations period. Thus, Petitioner's application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.

7

*See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### III.

For the foregoing reasons, Petitioner's objections are granted in part and denied in part. The Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The Report and Recommendation is hereby adopted as modified by this Opinion.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states

9

a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

     A Judgment consistent with this Opinion shall be entered.


Dated: June 18, 2009                                        /s/ Robert Holmes Bell
                                                                                ROBERT HOLMES BELL
                                                                                UNITED STATES DISTRICT JUDGE